Jason R. Klinowski, Esq.
Illinois Bar No. 6283266
  (Application for Pro Hac Vice Forthcoming)
Brian J. Jackiw, Esq.
Illinois Bar No. 6296807
  (Application for Pro Hac Vice Forthcoming)
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Phone:  (312) 360-6536
Fax:  (312) 360-6574
E-mail: jklinowski@freeborn.com
*Lead Counsel for Weis-Buy Farms, Inc.*

Tamalyn E. Lewis (SBN 009752)
Michael J. Minnaugh (SBN 021937)
**RIDENOUR, HIENTON & LEWIS, P.L.L.C.**
201 North Central Ave, Suite 3300
Phoenix, AZ 85004
Telephone 602.254.9900
Email: tlewis@rhlfirm.com
         mminnaugh@rhlfirm.com
*Local Counsel for Weis-Buy Farms, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| WEIS-BUY FARMS, INC., | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| TOMATO SPECIALTIES, LLC d/b/a both THE AVOCADO COMPANY INTERNATIONAL LLC and THE AVOCADO COMPANY OF NOGALES, LLC, ISAAC Y. CASTRO, YVETTE M. CASTRO, and ROBERTO C. VEGA, each individually, | |
| Defendants. | |

For its Complaint, the Plaintiff respectfully states as follows:

## THE PARTIES

1.      Weis-Buy Farms, Inc. ("Plaintiff") is a Florida corporation with offices located at 6225 Presidential Ct. Suite 130, Fort Myers, Florida, 33919.

2.     The Plaintiff sells wholesale quantities of perishable agricultural commodities (hereinafter "Produce") in interstate commerce and operates its business under a valid United States Department of Agriculture issued PACA License.

3.     Defendants are:

(a)     Tomato Specialties LLC d/b/a both The Avocado Company International LLC and The Avocado Company of Nogales LLC is an Arizona limited liability corporation, doing business in, *inter alia*, Sahuarita, Arizona (the "Company");

(b)     Issac Y. Castro (the "Issac"), on information and belief, is or was an officer, director, member or shareholder in a position to control the Company at all times relevant to this action.

(c)     Yvette M. Castro (the "Yvette"), on information and belief, is or was an officer, director, member or shareholder in a position to control the Company at all times relevant to this action.

(d)     Roberto C. Vega (the "Vega"), on information and belief, is or was an officer, director, member or shareholder in a position to control the Company at all times relevant to this action.

*Issac, Yvette and Vega shall hereinafter be collectively referred to as the "Principals."

**The Company and the Principal shall hereinafter be collectively referred to as the "Defendants."

4.     At all times relevant hereto, each of the Defendants were engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are "dealers" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t (the "PACA").

5.     At all times relevant hereto, each of the Defendants were engaged in the business, directly or indirectly, of negotiating sales and purchases of Produce in interstate or foreign commerce for or on behalf of a vendor or purchaser, respectively, and, therefore, are "brokers" of Produce as defined by the PACA.

6.     At all relevant times hereto, the Company maintained and operated its business under a valid United States Department of Agriculture ("USDA") issued PACA License, which the USDA identifies as License No.: 20100333 and 20130764.

**JURISDICTION AND VENUE**

7.     The District Court has jurisdiction over this civil action arising under § 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4), pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).  The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, inter alia, 28 U.S.C. § 1655.

8.     Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this District.

**FACTUAL ALLEGATIONS**

**Common Enterprise/Alter Ego**

9.     Tomato Specialties LLC is an Arizona limited liability company with its principal place of business located at 1600 W. Placita Rio Pecos, Sahuarita, Arizona 85629.

10.     Issac owns no less than 10% of Tomato Specialties LLC.

11.     Yvette owns no less than 10% of Tomato Specialties LLC.

12.     Issac is the registered agent for Tomato Specialties LLC.

3

1      13.     Tomato Specialties LLC maintains PACA license No. 20100333.

2      14.     The Avocado Company International LLC is located at 1600 W. Placita
3 Rio Pecos, Sahuarita, Arizona 85629.

4      15.     The Avocado Company International LLC is a d/b/a of Tomato
5 Specialties LLC.

6      16.     The Avocado Company International LLC holds itself out to the produce
7 industry as a d/b/a of Tomato Specialties LLC.

8      17.     The Avocado Company International LLC utilizes the following domain
9 name: http://www.theavocadocompany.com/

10      18.     The Avocado Company International LLC maintains offices in both
11 Nogales, Arizona and McAllen, Texas.

12      19.     Tomato Specialties LLC d/b/a The Avocado Company International LLC
13 operates, *inter alia*, from an office located at 450 W. Gold Hill Rd., Suite 8, Nogales,
14 Arizona 85621.

15      20.     The Avocado Company International LLC utilizes the following phone
16 number for its principal place of business: (520) 761-9853.

17      21.     The office manager of the Avocado Company International is or was Jesus
18 Sotelo, whose e-mail address was or is jesus@theavocadocompany.com.

19      22.     The Avocado Company of Nogales LLC is an Arizona limited liability
20 company with its principal place of business located at 1600 W. Placita Rio Pecos,
21 Sahuarita, Arizona 85629.

22      23.     Issac owns no less than 10% of The Avocado Company of Nogales LLC.

23      24.     Vega owns no less than 10% of The Avocado Company of Nogales LLC.

24      25.     The Avocado Company of Nogales LLC maintains PACA license No.
25 20130764.

26

26.     The Avocado Company of Nogales LLC operates, *inter alia*, from an office located at 450 W. Gold Hill Rd., Suite 8, Nogales, Arizona 85621.

27.     The Avocado Company of Nogales LLC utilizes the following phone number for its principal place of business: (520) 761-9853.

28.     The Avocado Company of Nogales LLC and The Avocado Company International LLC utilize the same phone number.

29.     The Avocado Company of Nogales LLC identified Jeses Sotelo's as the business contact person on its PACA license and disclosed Mr. Sotelo's e-mail address at Tomato Specialties LLC d/b/a The Avocado Company International LLC as: jesus@theavocadocompany.com as the contact person for PACA issues.

30.     Tomato Specialties LLC, The Avocado Company of Nogales LLC, and The Avocado Company International LLC utilize the same business addresses and otherwise operate out of the same locations.

31.     Tomato Specialties LLC, The Avocado Company of Nogales LLC, and The Avocado Company International LLC utilize the same employees to conduct business.

32.     Tomato Specialties LLC, The Avocado Company International LLC and The Avocado Company of Nogales LLC share common ownership.

33.     Tomato Specialties LLC, The Avocado Company International LLC and The Avocado Company of Nogales LLC share common management.

34.     Upon information and belief, Tomato Specialties LLC, The Avocado Company International LLC and The Avocado Company of Nogales LLC share common inventory.

5

35.     Upon information and belief, The Avocado Company of Nogales LLC is a mere instrumentality for Tomato Specialties LLC d/b/a The Avocado Company International LLC.

36.     Upon information and belief, The Avocado Company of Nogales LLC was incorporated for the purpose of obtaining a new PACA license and otherwise operating free of the debt and other similar obligations of Tomato Specialties LLC d/b/a The Avocado Company International LLC.

37.     Upon information and belief, The Avocado Company of Nogales LLC was incorporated for the purpose of receiving and holding both inventories of Produce and the proceeds of the Company's Produce sales.

38.     Upon information and belief, the Principals used funds traceable to Tomato Specialties LLC d/b/a The Avocado Company International LLC to operate The Avocado Company of Nogales LLC.

39.     Upon information and belief, Tomato Specialties LLC, The Avocado Company International LLC, and The Avocado Company of Nogales LLC operate as a single enterprise.

40.     Upon information and belief, the Company factors its account receivables with AgriFact LLC ("AgriFact") and that AgriFact may be in possession of certain PACA Trust Assets.

41.     Upon information and belief, the Company is currently holding and receiving additional fresh or frozen Produce inventory at Hidalgo Cold Storage ("Hidalgo"), which is located at 1020 E. Produce Rd., Hidalgo, Texas 78557, and that Hidalgo may be in possession of certain PACA Trust Assets.

42.     Upon information and belief, the Company is currently holding and receiving additional fresh or frozen Produce inventory at Klondike Cold Storage

("Klondike"), which is located at 450 W. Gold Hill Road, Nogales, Arizona 85621, and that Klondike may be in possession of certain PACA Trust Assets.

43.     Upon information and belief, the Company maintains one or more business checking accounts at Wells Fargo Bank.

44.     Upon Information and belief, the Company maintains one of more business checking accounts at Bank of America.

45.     Upon information and belief, the Company, at all times relevant hereto, was and is inadequately capitalized and unable to satisfy its obligations to its creditors.

46.     Upon information and belief, the Company commingles its funds to, *inter alia*, place any such funds outside the reach of Tomato Specialties LLC d/b/a The Avocado Company International LLC's creditors.

**Unpaid Invoices for Produce Purchases**

47.     Plaintiff and the Company entered into multiple contracts under which the Plaintiff agreed to sell the Produce and the Company agreed to purchase the Produce identified in the chart and unpaid invoices attached hereto and incorporated herein as Exhibit A.

48.     Plaintiff sold to the Defendants, and the Defendants purchased from the Plaintiff, Produce having an invoice value in the current aggregate amount of $53,085.41, as set forth in Exhibit A.

49.     The Defendants accepted each load of Produce which corresponds to the invoice numbers as listed in Exhibit A.

50.     The Defendants accepted each load of Produce referenced in Exhibit A within the State of Arizona.

51.     The Plaintiff issued to the Defendants, and the Defendants received, each of the invoices listed in Exhibit A.

7

52.     The Plaintiff utilized each of the invoices listed in <u>Exhibit A</u> to perfect and otherwise preserve its PACA trust rights in and to each load of Produce listed in <u>Exhibit A</u>.

53.     Plaintiff and the Defendants agreed that "[i]nterest shall accrue on any past-due balance at the rate of 1.5% per month (18 per annum)." <u>See Exhibit A</u>.

54.     The Defendants failed to object to the Plaintiff's inclusion of the contract language quoted in paragraph 53 above as a material part of the parties' agreement.

55.     The contract language quoted in paragraph 53 above represents a material part of the Plaintiff's standard credit terms.

56.     Plaintiff and the Defendants agreed as follows: "[i]n the event collection action becomes necessary, buyer [Defendants] agrees to pay all costs of collection, including attorneys/ fees and costs." <u>See Exhibit A</u>.

57.     The Defendants failed to object to the Plaintiff's inclusion of the contract language quoted in paragraph 56 above as a material part of the parties' agreement.

58.     The contract language quoted in paragraph 56 above represents a material part of the Plaintiff's standard credit terms.

59.     The Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Defendants for which it remains unpaid.

60.     The Defendants failed to pay or otherwise deliver good funds to the Plaintiff in the amount set forth under the "PACA Trust Amount" in <u>Exhibit A</u>, despite repeated demands from the Plaintiff.

61.     At all relevant times hereto, the Company acted by and through its Principals.

# COUNT I

## <u>ENFORCEMENT OF THE PACA TRUST</u>

62.     Plaintiff re-alleges paragraphs 1 through 61 as though fully set forth herein.

63.     The Defendants are in possession, custody and control of all assets derived from the Defendants' sale of:  (i) Produce; (ii) food or products derived from Produce; (iii) accounts receivable;  (iv) proceeds from the sale of Produce; (v) cash; (vi) any other assets commingled with proceeds of Produce; and (vii) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in the Company's name (the "PACA Trust Assets") for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

64.     The Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in <u>Exhibit A</u>.

65.     The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

66.     The matters and actions alleged in this Count I constitute a violation by Defendants of Section 2 of the PACA.

67.     As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff has suffered damages which are covered under the PACA trust in the current aggregate amount of $53,085.41, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

68.     On information and belief, additional unknown and unpaid trust beneficiaries exist.  As a result, Plaintiff further seeks the entry of an Order directing the

Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

## COUNT II

### PACA VIOLATION: FAILURE TO PAY PROMPTLY

69.     Plaintiff re-alleges paragraphs 1 through 68 as though fully set forth herein.

70.     The Defendants received each of the shipments of Produce referenced in Exhibit A.

71.     The Defendants failed to pay the invoices identified in Exhibit A within the applicable payment terms that were in effect between the parties at the time of each transaction.

72.     The matters and actions alleged in this Count II constitute a violation by Defendants of Section 2 of the PACA.

73.     As a direct result of the Defendants' failure to pay for each invoice within terms, the Plaintiff has incurred damages in the current aggregate amount of $53,085.41, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## COUNT III

### BREACH OF CONTRACT

74.     Plaintiff re-alleges paragraphs 1 through 73 as though fully set forth herein.

75.     Plaintiff and the Company entered into the various contracts referenced in Exhibit A.

76.     In each contract, the Plaintiff agreed to sell Produce to the Company and the Company agreed, *inter alia*, to purchase Produce from the Plaintiff.

77.     Plaintiff delivered conforming goods to the Company and has otherwise satisfied all conditions of said contracts.

78.     The Company failed to pay for each shipment of Produce referenced in Exhibit A.

79.     As a direct result of the Company's failure to pay for each shipment of Produce identified in Exhibit A, the Plaintiff has incurred damages in the current aggregate amount of $53,085.41, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

**COUNT IV**

**BREACH OF FIDUCIARY DUTY**

80.     Plaintiff re-alleges paragraphs 1 through 79 as though fully set forth herein.

81.     At all times relevant to this action, the Principals were each an officer, director, member or shareholder of the Company, and the persons in charge of its business undertakings.

82.     On information and belief, at all times relevant to this action, the Principals were engaged in the business of buying or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities.

83.     At all times relevant to this action, the Principals controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

11

84.     At all times relevant to this action, the Principals were each in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

85.     At all times relevant to this action, the Principals had the authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

86.     At all times relevant to this action, the Principals were each an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

87.     As officers or directors of the Company, the Principals were each a statutory trustee with a duty to safeguard the PACA Trust Assets and were required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Plaintiff herein.

88.     Because the Principals controlled and/or were each in a position to control the Company, and the Plaintiff's invoices have not been paid from PACA Trust Assets as its bills fell due, the Principals have breached their fiduciary duties under the PACA trust.

89.     The Principals continues to hold any and all PACA Trust Assets having come into their individual and collective possession as trustees for the Plaintiff's beneficial interest in the PACA trust.

90.     The Principals are personally liable to Plaintiff, which liability is joint and several with the Company and any third parties having received any PACA Trust Assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust in the current aggregate amount of $53,085.41, plus further interest and

1   contractually due costs of collection, including attorneys' fees, incurred in this action, to

2   be satisfied from the Principal's personal assets.

3   **COUNT V**

4   **INTERFERENCE WITH RECEIPT OF TRUST ASSETS**

5   91.     The Plaintiff re-alleges paragraphs 1 through 90 as though fully set forth

6   herein.

7   92.     The Principals are the current or former officers, directors, members or

8   shareholders of the Company.

9   93.     At all times relevant to this action, the Principals were either in control or

10  in a position to control the PACA Trust Assets of the Company.

11  94.     On information and belief, the Principals caused the Company to commit

12  a breach of the PACA trust by, *inter alia*, transferring PACA Trust Assets from the

13  Company to non-PACA trust beneficiaries in violation of their duties under the PACA.

14  95.     The Plaintiff is a PACA trust beneficiary who was and is entitled to an

15  immediate distribution of the PACA Trust Assets by virtue of the unpaid invoices

16  identified in Exhibit A.

17  96.     On information and belief, persons or entities who are not PACA trust

18  beneficiaries received PACA Trust Assets subject to the Plaintiff's trust claims herein.

19  97.     In transferring PACA Trust Assets from the Company to non-PACA trust

20  beneficiaries, the Principals damaged that property and/or interfered with its delivery to

21  the Plaintiff and other similarly situated PACA trust beneficiaries.

22  98.     The Principals failed to preserve the PACA Trust Assets for the benefit of

23  the Plaintiff and other similarly situated PACA trust creditors.

24  99.     As a direct result of the Principals' intentional interference with the

25  PACA Trust Assets and the delivery of the same to the Plaintiff, the Plaintiff has

26

13

1  incurred damages in the current aggregate amount of $53,085.41, plus further interest

2  and contractually due costs of collection, including attorneys' fees, incurred in this

3  action.

4      WHEREFORE, Plaintiff respectfully seeks the entry of an Order providing as

5  follows:

6      A)    As to Count I:   (i) entering an Order creating a common fund and/or

7  otherwise compelling the preservation of the Defendants' PACA Trust Assets for the

8  benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that

9  properly join in the instant action, (ii) entering an Order directing the Defendants to

10 immediately turn over to the registry of the Court all assets impressed with the PACA

11 trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff, and; (iii)

12 entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and

13 severally, in the current amount of $53,085.41, plus further interest and contractually

14 due costs of collection, including attorneys' fees, incurred in this action, less any actual

15 recovery on other Counts herein;

16     B)    As to Count II, entering a Final Judgment in favor of Plaintiff and against

17 the Defendants, jointly and severally, in the current amount of $53,085.41, plus further

18 interest and contractually due costs of collection, including attorneys' fees, incurred in

19 this action, less any actual recovery on other Counts herein;

20     C)    As to Count III, entering a Final Judgment in favor of Plaintiff and against

21 the Company for breach of contract in the current amount of $53,085.41, plus further

22 interest and contractually due costs of collection, including attorneys' fees, incurred in

23 this action, less any actual recovery on other Counts herein;

24     D)    As to Count IV, entering a Final Judgment in favor of Plaintiff and against

25 the Principals, on a joint and several basis with the Company, for a breach of his

26

1  fiduciary duties to the PACA trust, in the current amount of $53,085.41, plus further

2  interest and contractually due costs of collection, including attorneys' fees, incurred in

3  this action, less any actual recovery on other Counts herein;

4       E)    As to Count V, entering a Final Judgment in favor of Plaintiff and against

5  the Principals, on a joint and several basis with the Company, for tortious interference

6  with receipt of the PACA Trust Assets, in the current amount of $53,085.41, plus

7  further interest and contractually due costs of collection, including attorneys' fees,

8  incurred in this action, less any actual recovery on other Counts herein, and;

9       F)    Providing such other and further relief as the Court deems appropriate

10  upon consideration of this matter.

11       DATED this 23rd day of October, 2013.

12                   **FREEBORN & PETERS LLP**

13

             By: s/ Jason R. Klinowski

14                    Jason R. Klinowski
                  Brian J. Jackiw

15                    311 S. Wacker Dr., Suite 3000
                  Chicago, Illinois 60606

16                    *Lead Counsel for Weis-Buy Farms, Inc.*

17

             **RIDENOUR, HIENTON & LEWIS, P.L.L.C.**

18

19               By: s/ Michael J. Minnaugh

20                    Michael J. Minnaugh
                  201 North Central Ave, Suite 3300

21                    Phoenix, AZ 85004
                  *Local Counsel for Weis-Buy Farms, Inc.*

22

23

24

25

26