IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Weis Buy Farms Inc., ) | No. CV 13-1495-TUC-FRZ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Tomato Specialties LLC, et al. ) | |
| Defendants. ) | |

**\*PLAINTIFF SHALL FILE A NOTICE WITH THE COURT WHEN ALL PARTIES HAVE BEEN SERVED OR THIS CASE IS OTHERWISE READY TO PROCEED TO THE NEXT STEP OF THE LITIGATION (i.e., a Rule 16 Report from the parties and a Scheduling Order from the Court)**

**Dispositive Motions**

A party filing a dispositive motion shall file only one dispositive motion which incorporates all relevant arguments. The dispositive motion shall be limited to 17 pages as required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11 pages. See LRCiv 7.2(e). Parties are prohibited from simultaneously filing multiple dispositive motions directed at separate counts or issues in a case. While it is proper to file one motion to dismiss early in the litigation and one motion for summary judgment after discovery has been completed, it is not proper to simultaneously file multiple motions to dismiss or multiple motions for summary judgment directed to separate counts or issues. The

1 parties should raise all of their arguments for dismissal in one motion to dismiss as early as
2 possible in the case, and raise all of their arguments for dismissal in one motion for summary
3 judgment after discovery has closed.  The Court views the filing of such multiple motions
4 as an attempt to subvert the Local Civil Rules establishing page limits which encourage the
5 parties to be concise in their arguments; if necessary, the parties may seek leave to exceed
6 page limits to include all of their arguments in one motion to dismiss or one motion for
7 summary judgment.  Furthermore, filing successive motions to dismiss or motions for
8 summary judgment after the Court has already resolved such a motion is extremely
9 inefficient and often causes long and unnecessary delays as a case is essentially halted during
10 the period between the filing of a dispositive motion and the Court's ultimate ruling on a
11 dispositive motion after it has been fully briefed.  If a party files a successive motion to
12 dismiss or motion for summary judgment after such a motion has been resolved by the Court,
13 the successive motion to dismiss or motion for summary judgment will likely be summarily
14 denied as a motion for reconsideration.  The Court also notes that if a party files an early
15 summary judgment motion before discovery has closed, the Court will likely grant an
16 opposing party's request to complete necessary discovery to properly oppose the motion; in
17 such circumstances, the early motion for summary judgment would be denied without
18 prejudice pending completion of necessary discovery.  In light of the foregoing, the parties
19 should strive to include all of their arguments in one motion to dismiss early in the case and
20 one motion for summary judgment upon the close of discovery.

21 **Proposed Orders, Paper Copies, Exhibits, and Authority Binders**

22 The parties must file a proposed order with any motion or stipulation filed with the Court
23 and such documents must comply with the applicable  requirements in the local rules.  *See*,
24 *e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures
25 Manual in the United States District Court for the District of Arizona ("Manual").  All
26 proposed orders must be emailed to chambers (zapata_chambers@azd.uscourts.gov) in either
27 Word Perfect or Word format. *See id.*; Manual at 12-13 (describing pertinent e-filing
28 procedures in detail).

1  Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv
2  5.4); any motion, pleading, or other document which is submitted with more than one exhibit
3  must be accompanied by a Table of Contents and the exhibits must be indexed with tabs
4  which correspond to the Table of Contents. Anytime a party files a motion, response, reply,
5  or other brief with the Court, the party must mail the Court paper copies of all authority cited
6  in the brief which shall be included in a binder with a table of contents and exhibit tags
7  corresponding to the authority cited. Such authority includes, but is not limited to, case law,
8  rules, statutes, regulations, and treatises. To the extent case law, rules, statutes, or
9  regulations are cited, the entire case, rule, statute or regulation shall be included in the binder.
10 The case law shall be organized in alphabetical order. To the extent treatises are cited, only
11 the section(s) relied upon shall be included in the binder. As to all of the authority cited
12 which must be included in the binder, the parties shall also tag (with a post-it) the specific
13 page(s) cited in their briefs and highlight (by circling with a pen or using a highlighter) the
14 portion of the case, rule, statute, regulation, or treatise that supports the citations of authority
15 relied upon in their briefs. <u>Within seven days after a document is filed, the parties shall</u>
16 <u>provide the Court with paper copies in strict compliance with this Order and file a notice that</u>
17 <u>they have strictly complied with the requirements in this Order; failure to timely file this</u>
18 <u>required notice will be viewed as a party's admission that they have failed to comply with this</u>
19 <u>Court's Order.</u>[1] If an emergency motion is filed (including, but not limited to, a motion for
20 a temporary restraining order, preliminary injunction, or emergency stay) that requires more
21 immediate attention from the Court, the parties shall provide the authority binder no later
22 than one business day (or sooner if possible) after the motion, response or reply is filed
23 pertaining to any emergency motion. <u>If a party fails to submit the required authority binder</u>
24 <u>and other paper copies required by this Order, the Court may summarily deny or grant a</u>
25 <u>motion as applicable to the party that failed to comply with this Order, and the Court may</u>

---

27 [1]The parties are not required to provide paper copies of stipulations and unopposed
28 motions to continue, and need not provide authority binders as to stipulations and unopposed motions to continue.

- 3 -

1   dismiss the case with prejudice or enter a default judgment as to the non-complying party.[2]

2   **Plaintiffs shall serve a copy of this Order on Defendants at the same time they serve**
3   **the summons and complaint; if these have already been served on Defendants prior to**
4   **Plaintiffs receiving this Order, Plaintiffs shall serve this Order on Defendants within**
5   **14 days of the filing date of this Order.  Within 7 days of serving this Order on**
6   **Defendants, Plaintiffs shall file a notice with the Court indicating when Defendant was**
7   **served with this Order.  If all parties have already been served and entered an**
8   **appearance into the record, Plaintiff need not serve this Order as they will receive**
9   **either a Notice of Electronic Filing through CM/ECF or a paper copy (for pro se**
10  **parties) of this Order through the Clerk of the Court.**

12          DATED this 24th day of October, 2013.

                    _____
                           Frank R. Zapata
                    **Senior United States District Judge**

---

[2] As to pro se parties, the Court notes that the full text of most legal authority is available via numerous internet sites, including Google Scholar (http://scholar.google.com/), which is available to the public and completely free.  In addition, most legal authority can be found and copied for a limited charge in various libraries located in most cities such as the law libraries located at the University of Arizona College of Law and the various courthouses in Pima County.  Legal authority can also be found and printed out for a limited charge at sites such as westlaw.com and lexis.com.